The Honorable Louis McJunkin State Representative P.O. Box 223 Springdale, Arkansas 72765-0223
Dear Representative McJunkin:
You have requested an Attorney General's opinion concerning the deferred retirement option plan (DROP) for local firefighters, which is codified at A.C.A. § 24-11-830.
You indicate that your question arises out of a decision by the City of Springdale to pay firefighters an annual lump sum for holiday compensation, rather than making holiday pay a part of their base pay. It is my understanding that all firefighters are entitled to receive this lump sum payment, regardless of whether they are actually called out to work on holidays, and that the amount paid will be the same whether they work on holidays or not. Finally, it is my understanding that the particular pensions in question are governed by a local pension board, pursuant to A.C.A. § 24-11-801 et seq.
With regard to this situation, you have presented the following question:
 Is an annual lump sum holiday payment to firefighters considered compensation for purposes of DROP?
I assume that your question is concerned with the manner of calculating any contributions the city is required to make pursuant to the DROP statute. The DROP statute does not explicitly address this issue.
Rather, the most relevant part of the statute states only that:
 (d)(1) When a member begins participation in the Arkansas Fire Fighters' Deferred Retirement Option Plan, the contribution of the fire fighter and the employer contribution shall continue to be paid.
 (2) Municipal matching contributions for employees who elect the Arkansas Fire Fighters' Deferred Retirement Option Plan shall be credited equally to the firemen's pension and relief fund and to the Arkansas Fire Fighters' Deferred Retirement Option Plan.
A.C.A. § 24-11-830(d)(1) and (2).
The above-quoted language simply does not address the manner in which the city's contributions are to be calculated. Rather, this language appears to indicate that the city's contributions are to be calculated on the same basis as its contributions to the local firemen's pension fund for an employee who is not participating in DROP. That calculation is governed by A.C.A. § 24-11-816(a)(4), which states:
 Any municipality or fire protection district in which a firemen's pension and relief fund is established shall contribute to the firemen's pension and relief fund an amount:
(A) Not less than six percent (6%) of the fire fighter's salary; or
 (B) Equal to the contribution paid by any volunteer fire fighters who are members of the fund.
A.C.A. § 24-11-816(a)(4).
The term "salary," as used in the above-quoted statute, is not defined. However, the term has been defined by the Arkansas Fire and Police Pension Review Board, pursuant to its statutory authority over local funds, granted in A.C.A. § 24-11-203(j). The Board's Rule 7 states: "On and after June 28, 1985, the term "salary," as used for purposes of pension deductions and computation of benefits shall mean line-item salary, education or "certificate" pay, annual and holiday pay, and longevity pay." However, the same rule goes on to state: "If a pension is being computed on a salary year prior to June 28, 1985, the local Board of Trustees shall determine by Board regulation what shall constitute "compensation."
I conclude from the language of these provisions of Rule 7 that in computing contributions for years of service that were served after June 28, 1985, the lump-sum holiday should be included for purposes of calculating the contribution. In computing contributions for years of service that were served prior to June 28, 1985, the local pension board has the authority to determine whether to include any such lump-sum payment.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh